DANIEL M. WILSON, ET AL. *v.* ELIZA F. McMULLEN.

[Abstract Kentucky Law Reporter, Vol. 4—895.]

**Effect of Discharge in Bankruptcy.**

One having filed his petition and been discharged in bankruptcy more than two years after a suit was instituted in the state court against him can not prosecute an appeal from the judgment rendered therein because his right to do so has passed to his assignee in bankruptcy.

**Trust Will Follow a Trust Estate.**

Where a trustee in pursuance of the express powers conferred on him by a will has sold the real estate of the cestui que trust and reinvested the proceeds in other property, the trust created by the will will follow the trust estate and attach to it so long as it can be traced and identified.

APPEAL FROM FLEMING CIRCUIT COURT.

April 26, 1883.

OPINION BY JUDGE HARGIS:

The appellant, Daniel M. Wilson, having filed his petition and been discharged in bankruptcy more than two years after the appellee's suit was instituted, can not prosecute an appeal from the judgment rendered therein, because his right passed to his assignee in bankruptcy. *Daugherty v. Ringo,* 10 Ky. Opin. 699, 1 Ky. L. 272, 282. His appeal must therefore be dismissed.

The appellant, Elizabeth S. Wilson, took a life estate and her children the remainder in her share of Daniel Morgan's estate under his will, by which he devised her share in trust for "the sole benefit of my said daughter, E. S. Wilson, and children." *Carr v. Estill,* 16 B. Mon. (Ky.) 309, 63 Am. Dec. 548. The context of the will shows that the testator intended his daughter to use the whole of her share for life and there are no words of purchase used which would neces-

sarily invest her children with a joint and equal present interest with her.

The trustee having, in pursuance of the express powers conferred on him by the will, sold and reinvested her share in the mortgaged property described in the deed of Stockwell and others, the trust created by the will followed the trust estate and attached to it so long as it could be traced and identified. The absolute nature of the deed of Stockwell and others to the trustee for Mrs. Wilson and "her heirs forever" can not defeat the trust and alter the course of the property embraced by it, from that prescribed by the terms of the will. Mrs. McMullen's claim is shown to be just and the judgment for it and subjecting the remainder interest of Daniel M. Wilson, one of Mrs. E. S. Wilson's children, to its payment is *affirmed*.

*A. Duvall, Andrews & Sudduth, for appellants.*

*J. W. Anderson, for appellee.*